UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RANDAL JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 15-76-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL G. DOUGLAS and AUTO | ) | **&** |
| OWNERS INSURANCE, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Randal Jenkins has moved to remand this personal injury action. [R. 6]. For the reasons set forth below, and pursuant to 28 U.S.C. § 1447(c), the Court will GRANT Jenkins' motion.

I

This action, initially filed in Whitley Circuit Court, arises from an automobile accident that occurred on May 5, 2013. Plaintiff Jenkins' state court complaint includes a negligence claim against Defendant Michael G. Douglas, the driver of the other vehicle. It also ostensibly includes a claim for UIM benefits against his insurer, Auto Owners Insurance.[1]  Jenkins claims that as a result of the accident, he sustained past and future medical expenses; "[] past, present and future physical, emotional, and mental pain and suffering; [] inconvenience; and [sic] [] greater susceptibility to future injury; [] loss of income; [] [and] impairment of his ability to earn

---

[1] The complaint includes no reference to the Kentucky Unfair Claims Settlement Practices Act and does not allege any bad faith on the part of Auto Owners, so the claim against Auto Owners appears to be on the contract alone.

1

future income." [R. 1-1 at ¶ 5]. As to the amount in controversy, Jenkins' complaint alleges that "the damages of the Plaintiff exceed the available $50,000.00 underinsured motorists limits under [the Auto Owners] UIM policy." [R. 1-1 at ¶ 8]. Douglas filed a Notice of Removal to this Court, invoking this Court's original diversity jurisdiction. [R. 1]. In his Notice, Douglas claims that complete diversity is satisfied and that removal is appropriate because "the Plaintiffs [sic] have placed in controversy an amount in excess of $75,000.00, exclusive of interests and costs." [R. 1 at ¶ 7]. Shortly afterward, Jenkins filed the instant Motion to Remand, [R. 6], in which he references a discovery response filed in Whitley Circuit Court.

II

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("[A defendant's notice of removal] need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). However, if removal is contested and – as here – a state court rule[2] expressly limits the extent to which plaintiffs can articulate the specific dollar amount that they seek to recover, then the court must determine whether the amount-in-controversy requirement is satisfied by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(A)-(B); *Dart*, 135 S. Ct. at 553. The defendant bears the burden of showing that removal was proper. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993)). In making this assessment, a court considers whether federal jurisdiction existed at the time of removal. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Finally, because

---

[2] *See* Ky. R. Civ. P. 8.01(2).

federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Cole v. Great Atlantic & Pac. Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990).

In accordance with Kentucky pleading standards, Jenkins' complaint does not specify an amount of damages, but simply states that the damages he seeks are in excess of his $50,000 UIM policy limit. [R. 1-1 at ¶ 8]. In his one-paragraph motion to remand, Jenkins contends that the amount of damages he seeks does not exceed the jurisdictional amount of $75,000. [R. 6]. He confirms as much in a signed, notarized response to a Request for Admission propounded by Douglas:

> **REQUEST NO. 1**: That the Plaintiff will be claiming as monetary damages and seeking in judgment against Defendant Michael G. Douglas for a sum of at least $75,000, exclusive of costs and interest.
>
> **RESPONSE**: No.

[R. 7-1]. Jenkins referenced this admission in his motion, [R. 6], and Douglas provided a copy to the Court as an exhibit in his Response, [R. 7-1].

Lower courts within our circuit have reached differing conclusions about whether post-removal stipulations to an amount in controversy below $75,000 defeat federal jurisdiction. In *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000), the Sixth Circuit held that "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not require remand to state court." *Id.* at 872 (emphasis added). The Supreme Court subsequently held in *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 232 (2007) that "a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand." Our sister courts have disagreed about the effect of *Powerex* on *Rogers*.

*Compare, e.g.*, *Roberts v. A & S Bldg. Sys., L.P.*, No. 3:07-CV-413, 2008 WL 220627, \*2 (E.D. Tenn. Jan. 25, 2008) (holding that *Powerex* abrogated *Rogers* and mandates that post-removal stipulations below the jurisdictional amount require remand) *with, e.g.*, *Labuy v. Peck*, 790 F. Supp. 2d 601, 602 n.1 (E.D. Ky. 2011) (holding that *Powerex* did not abrogate *Rogers* in regard to evaluating the amount in controversy requirement and stating that "a post-removal stipulation lowering the amount-in-controversy will not divest this Court of jurisdiction requiring remand under 28 U.S.C. § 1447(c).").

The facts of this case do not require the Court to wade into that dispute, however. Federal courts sitting in Kentucky have long held that "[w]hen a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification,* rather than a reduction, and the case may be remanded." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) (citing *Cole*, 728 F. Supp. 1305); *see also, e.g.*, *Manning v. State Farm Fire & Cas. Co.*, No. CIV.A. 10-352-KSF, 2011 WL 146391 (E.D. Ky. Jan. 18, 2011); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 605 (E.D. Ky. 2002); *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774 (W.D. Ky. 2002). When a stipulation simply clarifies that the amount in controversy is and has been below the jurisdictional threshold *from the outset*, the case has not been "properly removed" in the first place, and the issue in *Powerex* and *Rogers* is not implicated. *E.g.*, *Egan*, 237 F. Supp. 2d at 778 ("This Court holds, consistent with the position adopted by the Sixth Circuit [in *Rogers*] prohibiting reductions or changes from claims in their initial complaint, that where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change."); *see also Tankersley*, 33 F. Supp. 3d at 779 (collecting cases and noting that this rule, set forth in *Cole v.*

4

*Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990), survives *Rogers*, which "neither overruled nor distinguished *Cole*").

In *Cole*, the plaintiff's state court complaint alleged only that the damages arising from her tort claims would "exceed the requisite state court jurisdictional amount of $4,000." *Cole*, 728 F. Supp. at 1306-07. After the defendant removed the action on the basis of diversity, the plaintiff sought to remand the case by stipulating that she would not seek damages above the federal jurisdictional minimum. Reasoning that the stipulation simply clarified the amount of the previously-unspecified damages allegation, this Court determined that the complaint "[did] not state a removable case" and ordered remand. *Id.* at 1309.

The instant case is virtually indistinguishable from *Cole* and its progeny. In accordance with Kentucky's pleading rules, Jenkins (like Cole) vaguely stated the amount of his damages – an amount that "exceed[s] the available $50,000.00 underinsured motorists limits" – in his state court complaint. [R. 1-1 at ¶ 8]. His post-removal admission (like Cole's stipulation) is therefore the first specific statement regarding the amount of his claimed damages in this case. Rather than retroactively attempting to reduce his demand in an effort to avoid federal jurisdiction or changing the information on which the removing defendants relied, Jenkins' admission is consistent with his complaint and simply clarifies that the amount he seeks is more than $50,000, but less than $75,000. It merely "provide[s], *ab initio*, the specific damage amounts claimed." *Manning*, 2011 WL 146391 at *2. Based upon this stipulation, as well as the paucity of information in the record regarding the specific amount in controversy Jenkins seeks, the Court finds that it lacks subject matter jurisdiction and must remand this case.

Contrary to Douglas' assertions, that this document was filed in Whitley Circuit Court after removal does not change this conclusion. Discovery documents, affidavits, and even letters

5

between opposing counsel are all sufficient to support a determination on the jurisdictional amount at issue. *E.g.*, *Captain v. Wal-Mart Stores E., Inc.*, No. CIV. 10-501-HJW-JGW, 2010 WL 4875702, at *1 (S.D. Ohio Oct. 7, 2010) *report & recommendation adopted*, No. C-1-10-501, 2010 WL 4825890 (S.D. Ohio Nov. 23, 2010) (remanding on the basis of a plaintiff's affidavit that "amount[ed] to a post-removal stipulation that damages will not exceed $75,000); *Labuy v. Peck*, 790 F. Supp. 2d 601, 602 (E.D. Ky. 2011) (stating that a settlement letter was sufficient to establish an amount in controversy); *Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995) (discovery documents appropriate). The signed, notarized document here amounts to a stipulation that Jenkins' damages will remain below the federal jurisdictional minimum.

Having determined that remand is required, the Court notes that Jenkins' post-removal stipulation will bind him to a recovery of no more than $75,000 as this action continues in the state court. *Tankersley*, 33 F. Supp. 3d at 780 ("When a case is remanded on the basis of a post-removal stipulation then the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court."); *Fenger*, 194 F. Supp. 2d at 605 (noting that in this situation, "the doctrine of estoppel applies to prevent an amended request for additional damages in state court").

### III

Accordingly, pursuant to 28 U.S.C. §1447(c), and for the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Remand [R. 6] is **GRANTED**;

2. This action is **REMANDED in its entirety** to the Whitley Circuit Court from which it was removed; and

3.  This matter is **STRICKEN** from the Court's active docket.

This the 30th day of June, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge